GARY A. HECKER, ESQ. (State Bar No. 099008)
JAMES M. SLOMINSKI, ESQ. (State Bar No. 166357)
**THE HECKER LAW GROUP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:    (310) 286-0377
Facsimile:    (310) 286-0488
Email: ghecker@hh.com; jslominski@hh.com

Attorneys for Plaintiffs
Kim Kardashian and
KimsAPrincess Inc.

EDWARD H. ROSENTHAL
KHIANNA N. BARTHOLOMEW
**FRANKFURT KURNIT KLEIN & SELZ PC**
488 Madison Avenue, 10th floor
New York, New York 10022
Tel: (212) 980-0120 • Fax: (212) 593-9175
E-Mail: erosenthal@fkks.com

LOUIS P. PETRICH (State Bar No. 38161)
**LEOPOLD, PETRICH & SMITH, P.C.**
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: lpetrich@lpsla.com

Attorneys for Defendants
THE GAP, INC., OLD NAVY, LLC, OLD NAVY
(APPAREL), LLC, and GAP (APPAREL), LLC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KIM KARDASHIAN, an individual; KIMSAPRINCESS INC., a California Corporation,**<br><br>           Plaintiff,<br><br>     vs.<br><br>**THE GAP, INC., a Delaware Corporation; OLD NAVY, LLC, a Delaware Limited Liability Company; OLD NAVY (APPAREL), LLC, a California Limited Liability Company; GAP (APPAREL), LLC, a California Limited Liability Company; and DOES 1 - 10**<br><br>           **Defendants.** | Civil No. CV 11-6568 DSF (MANx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:  1/23/2012<br>Time: 11:00 a.m. |

**TO THE COURT:**

The Parties hereby provide the following Joint Rule 26(f) Report pursuant to FRCP 26, Local Rule 26, and this Court's December 14, 2011 Order.

On January 3, 2012, the parties by and through counsel conducted the required Rule 26 Conference. Gary A. Hecker and James M. Slominski of The Hecker Law Group appeared for Plaintiffs. Louis P. Petrich of Leopold, Petrich & Smith, P.C. and Edward H. Rosenthal of Frankfurt Kurnit Klein & Selz, P.C. appeared for Defendants.

## A.   STATEMENT OF THE CASE

**Plaintiffs' Statement:**

Plaintiffs, Kim Kardashian and KimsAPrincess Inc., filed this action for Defendants' violation of 15 USC § 1125(a) ("the Lanham Act"), the California Common Law Right of Publicity, and Cal. Civ. Code § 3344 ("the California Statutory Right of Publicity").

Kim Kardashian is an internationally known celebrity, television personality, entrepreneur and pop culture icon. She has achieved an extraordinary level of popularity and fame worldwide. She ranks among the top ten most searched celebrities on the internet, and is among the top ten most followed people on Twitter. She is sought after for, and receives, lucrative offers for the use of her name, likeness, identity and persona to endorse products and services. Individually, and through her loan-out company (KimsAPrincess Inc.), Kim Kardashian selectively grants her consent for the use of her name and likeness for endorsements or commercial purposes.

Defendants sell apparel and fashion accessories, including online and through retail stores. In February 2011, Defendants launched a new, multimedia marketing campaign using Kim Kardashian's likeness, identity, persona and name without her permission or consent. Defendants created and broadcast a commercial: (1) starring a Kim Kardashian likeness in the form of a celebrity look-alike; (2) using Kim

Kardashian's characteristics, traits, qualities, and attributes; and (3) using a storyline relating to Kim Kardashian's likeness. Expectedly, Defendants' marketing campaign immediately received extraordinary attention from the consuming public and the media, and created a likelihood of confusion concerning Kim Kardashian's association with Defendants and their products, which Defendants have exploited for their commercial advantage.

Defendants' misappropriation and unlawful use of Kim Kardashian's name, likeness, identity and persona violated her right of publicity, and created a likelihood of confusion in the minds of the consuming public.  Defendant's acts were intentional, and were designed and intended to confuse, to cause mistake, and to deceive the public into believing that Kim Kardashian had sponsored, endorsed or was associated with Defendants and their products and services.

**Defendants' Statement:**

Defendants, THE GAP, INC., OLD NAVY, LLC, OLD NAVY (APPAREL), LLC, and GAP (APPAREL), LLC have answered the Complaint, denied the materials allegations of the complaint and asserted affirmative defenses addressed to the merits of plaintiffs' claims.

Defendants deny every substantive allegation of Plaintiffs' complaint and specifically deny Plaintiffs' allegations that the Super C-U-T-E commercial (the "Commercial") was created and aired with the intent to confuse, to cause to mistake, or to deceive the public into believing that Kim Kardashian was in any way involved with Defendants products and services.  In addition, the use of Melissa Molinaro and any other element of the "Super C-U-T-E" commercial was not contrived to evoke Kim Kardashian's name, likeness, identity, or persona and did not in fact infringe any of plaintiffs' statutory or common law rights.

**B.    SUBJECT MATTER JURISDICTION**

1.    This Court has subject matter jurisdiction over the federal cause of action

pursuant to 28 U.S.C. § 1331.

2. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3. The parties agree that the Court has subject matter jurisdiction, and no challenges thereto are being asserted.

**C.   LEGAL ISSUES**

**Plaintiffs' Statement:**

Defendants have misappropriated Ms. Kardashian's name, likeness, identity and persona for commercial purposes without her consent in violation of the Lanham Act, California Civil Code § 3344, and the California common law.

At this time, Plaintiff does not believe there are any novel or unusual legal issues that will have to be resolved by the Court.

**Defendants' Statement:**

Defendants contend that, as a matter of law, nothing in the Commercial infringes Plaintiffs' statutory or common law right of publicity or any other legal right. Moreover, Defendants do not believe that Plaintiffs have any evidence, or could produce any, including without limitation a consumer perception study, to support the claim that the use of Ms. Molinaro in the Commercial would create any confusion as to whether Ms. Kardashian or her company authorized or approved the Commercial. Defendants do not believe that there are unusual substantive, procedural, or evidentiary issues.

**D.   PARTIES AND EVIDENCE**

**Parties**

1. Plaintiff, Kim Kardashian, is an individual.

2. Plaintiff, KimsAPrincess Inc., is a California Corporation, and Kim Kardashian's Loan-Out Company.

3. Defendant, The Gap, Inc., is a Delaware Corporation.

4

**JOINT RULE 26(F) REPORT**

4. Defendant, Old Navy, LLC, is a Delaware Limited Liability Company and a subsidiary of The Gap, Inc.

5. Defendant, Old Navy (Apparel), LLC, is a California Limited Liability Company and a subsidiary of The Gap, Inc.

6. Defendant, Gap (Apparel), LLC, is a California Limited Liability Company and a subsidiary of The Gap, Inc.

7. Defendants contend that Old Navy (Apparel), LLC and Gap (Apparel) LLC are entities that own trademarks relating to the Old Navy and Gap businesses but have no relationship or responsibility for the allegations involved in this litigation, which does not involve any such trademarks.

**Possible Percipient Witnesses for Plaintiffs:**

1. Persons involved in the creation of the Defendants' marketing campaign.

2. Persons involved in the production Defendants' marketing campaign.

3. Persons involved in distribution, dissemination and broadcast of Defendants' marketing campaign.

4. Persons employed by or affiliated with or in partnership with Defendants relating to the use of the marketing campaign.

5. Persons employed by or affiliated with Defendants' or in partnership with Defendants relating to internet postings relating to the marketing campaign.

6. Persons employed by or affiliated with Defendants' or in partnership with Defendants relating to consumer confusion caused by the marketing campaign.

7. Persons employed by or affiliated with Defendants' or in partnership with Defendants relating to the projected and actual revenues and profits associated with the marketing campaign.

8. Persons employed by or affiliated with Defendants' or in partnership with Defendants relating to Defendants' revenues for the purposes of punitive damages.

9. Members of the media who reported about Defendants' marketing campaign.

10. Members of the public.

11. Experts retained by the parties.

12. Kim Kardashian.

13. Melissa Molinaro.

**Possible Key Pieces of Evidence for Plaintiffs:**

1. Documents (which include images, videos, web pages, social media pages) associated with Defendants' marketing campaign.

2. Documents relating the creation, casting, production, distribution, dissemination, marketing, promotion, and use of its marketing campaign.

3. Statements, comments and reports of the media and the public relating to Defendants' marketing campaign.

4. Surveys conducted by or for Defendants or others relating to Kim Kardashian, consumer and public confusion, and Defendant's marketing campaign.

5. Defendants' financial records.

6. Documents showing the business relationship between the Defendants themselves, and their relationships with third parties.

7. Documents relating to Kim Kardashian's fame, commercial value, likeness and name.

**Possible Percipient Witnesses for Defendants:**

1. Kim Kardashian

2. Melissa Molinaro

3. Reginald Bush

4. Persons involved in the casting, creation and production of the Commercial.

6

**JOINT RULE 26(F) REPORT**

5. Persons with knowledge with respect to the revenues and profits derived from the Commercial.

6. Persons with knowledge as to the campaign as to which the Commercial was a part (the "Campaign").

7. Expert witness(es) including without limitation those necessary to respond to experts retained by Plaintiffs.

8. Third parties with knowledge of Plaintiffs' identity, reputation and alleged damages.

**Possible Key Pieces of Evidence for Defendants:**

1. Testimony and documents regarding the creation, casting, production, distribution, dissemination, marketing, promotion, and use of the Commercial and the Campaign.

2. Testimony and documents, including, but not limited to, images, videos, web pages, blogs, social media pages, articles, and statements, comments and reports of the media and the public related to Kim Kardashian's reputation as a dancer.

3. Testimony and documents, including, but not limited to, images, videos, web pages, blogs, social media pages, articles, and statements, comments and reports of the media and the public related to Kim Kardashian's reputation as a singer.

4. Documents, including, but not limited to, images, videos, web pages, blogs, social media pages, and articles, related to Melissa Molinaro.

5. Documents, including, but not limited to, images, videos, web pages, blogs, social media pages, and articles, related to well-known dark haired actresses, singers, and reality television personalities.

6. Testimony and documents related to the lack of consumer and public confusion with respect to the Commercial.

7. Testimony and documents, including, but not limited to, images, videos, web pages, blogs, social media pages, and articles, related to Kim Kardashian's Sears

7

clothing line.

8. Testimony and documents relating to Plaintiffs' ownership of rights of publicity and other rights in the name, likeness, identity and persona of Kim Kardashian and exploitation of any such right.

9. Testimony and documents related to Kim Kardashian's business relationship with Sears.

10. Financial records of Kim Kardashian's Sears clothing line.

11. Testimony and documents, including, but not limited to, images, videos, web pages, blogs, social media pages, and articles, related to the Kim Kardashian's clothing line at Bebe.

12. Testimony and documents, including, but not limited to, images, videos, web pages, blogs, social media pages, and articles, related to Defendants' belief that Bebe decided to drop Kim Kardashian's clothing line.

13. Financial records of Kim Kardashian's clothing line for Bebe.

14. Testimony and documents relating to Plaintiffs' claim for damages and/or lack thereof as a result of any alleged infringement of any of Plaintiffs' rights.

15. Testimony and documents, including, but not limited to, images, videos, web pages, blogs, social media pages, articles, and statements, comments and reports of the media and the public regarding Reginald Bush's relationship with Melissa Molinaro.

16. Testimony and documents, including, but not limited to, images, videos, web pages, blogs, social media pages, articles, and statements, comments and reports of the media and the public regarding Reginald Bush's relationship with Kim Kardashian.

E.   **DAMAGES**

**Plaintiff's Statement:**

Damages in right of publicity and misappropriation cases as alleged include, but

8

**JOINT RULE 26(F) REPORT**

are not limited to, disgorgement of profits and other compensatory damages, punitive damages, and attorney's fees and costs. Plaintiffs are waiting for Defendants to disclose the revenues and expenses necessary to determine the range of realistic provable damages.

Defendants have indicated that they intend to resist disclosing that financial information, and have not provided any such information to Plaintiffs as of this date.

**Defendants' Statement:**

Defendants believe that there are no provable damages. Defendants assert that there is no basis for any possible finding of liability on the part of Defendants and that as a result there is no basis for inquiry into Defendants revenues or profits. Even assuming, *arguendo*, that Defendants violated Kim Kardashian's right of publicity, the Commercial at issue was a small part of the Campaign and therefore any profits that may be attributed to the alleged violation are *de minimis*. Finally, Defendants will seek recovery of their own costs, including attorneys fees, at the conclusion of this litigation.

F. INSURANCE

This matter is covered pursuant to insurance policy issued by Chartis Claims Inc. on behalf of Illinois National Insurance Company to MDC Partners Inc., the parent company of Crispin Porter & Bogusky, LTD ("CPB") the advertising agency that produced the advertisement that is the subject of this litigation. CPB has agreed to indemnify the defendants in this action. The subject policy limits have been disclosed to Plaintiffs counsel. The insurer has agreed to cover Plaintiffs' claim, subject to a reservation of rights.

G. MOTIONS

1. Plaintiffs may move to add parties or claims, depending on the results of discovery. To facilitate matters, Plaintiff has noticed a deposition of The Gap, Inc. It

is unclear, however, as to whether Defendants are going to produce the witness as noticed.

    2.    The Plaintiffs expect to file a single summary judgment/adjudication motion at the appropriate time per the Court's Standing Order.

    3.    As described in more detail in the Discovery section below, Defendants state that they intend to make an early motion for summary judgment on the ground that there is no possible basis for Plaintiffs claims that her common law or statutory right of publicity has been infringed or that there is any possibility of consumer confusion as to her involvement with Defendants, the Commercial or the Campaign. In addition, Defendants reserve their right to make a further motion at the conclusion of discovery.

    4.    Plaintiffs do not agree Defendants piecemeal summary judgment approach and believe that such an approach would be a violation of the Court's Standing Order on summary judgment motions.

**H.    MANUAL FOR COMPLEX LITIGATION**

    1.    The Manual for Complex Litigation should not be used.

**I.    STATUS OF DISCOVERY**

    1.    Discovery is open.

    2.    Plaintiff has propounded interrogatories, requests for production of documents and things, and requests for admissions. Responses are pending.

    3.    Plaintiff has noticed the deposition of Defendant The Gap, Inc.

**J.    DISCOVERY PLAN**

**Plaintiffs' Statement**

    1.    The parties agreed to exchange formal Rule 26 initial disclosures on January 20, 2012.

    2.    The Plaintiffs anticipate completing the service of interrogatories, document demands, and requests for admissions by May 2012.

**JOINT RULE 26(F) REPORT**

3. The parties anticipate completing fact depositions by September 2012, although the extent of the depositions is not yet certain. Depositions will include the parties, third parties associated with the creation, production, and broadcast of the accused marketing campaign, experts, and members of the public.

4. Plaintiffs anticipate conducting discovery on issues relating to the creation, production, and broadcast of the marketing campaign, the intent of the Defendants in connection with that campaign, and the revenues and profits generated in connection with the marketing campaign.

5. The Plaintiffs do not anticipate the need to conduct discovery in phases or otherwise be limited.

6. The parties do not at this time seek a modification of the Federal Rules regarding discovery limitations, subject to the right of any party to seek such a modification later upon good cause.

**Defendants' Statement**

1. Defendants dispute paragraph 5 of the Plaintiffs' statement as set forth above. Defendants intend to file an early summary judgment motion on the ground that there is absolutely no basis for any claim that any of Plaintiffs' statutory or common law right of publicity or any other right has been infringed by the Commercial or the Campaign. Defendants will request that the Court stay early discovery pending decision on this motion or, in the alternative, limit discovery to those issues raised by Defendants' motion directed toward liability. Defendants further request that the Court bifurcate liability discovery from that involving damages, so that defendants are not required to engage in extensive financial and related discovery in this case where the absence of liability is likely to be established at an early stage of the litigation.

2. Defendants anticipate conducting discovery on issues related to revenues and profits generated by Bebe and Sears in connection with their respective

**JOINT RULE 26(F) REPORT**

"Kardashian" clothing lines, Bebe's decision to drop the Kardashian clothing line, Kim Kardashian's reputation as a singer and dancer, Kim Kardashian's motives for bringing this action, and public perception of the marketing campaign.

### K. DISCOVERY CUT-OFF

1. The parties agree to an October 1, 2012 fact discovery cut-off.

### L. EXPERT DISCOVERY

1. The parties agree to a December 17, 2012 expert discovery cut-off.

### M. DISPOSITIVE MOTIONS

1. The parties contemplate that they will file summary judgment/adjudication motions depending on the results of discovery.

2. The parties also anticipate filing appropriate motions in limine, although they do not yet know what those might be at this time.

### N. SETTLEMENT

1. The parties have not discussed settlement.

2. The Plaintiffs have selected private mediation.

3. The Defendants have selected mediation by the attorney panel, but are considering private mediation.

### O. TRIAL ESTIMATE

1. The parties estimate a 4-6 day jury trial.

2. Plaintiff contemplates calling between 7-10 witnesses, or perhaps more, depending on the results of discovery, the pre-trial stipulations regarding facts, witness testimony, and the use of deposition testimony.

3. At this time, Defendants contemplate calling approximately 5 fact witnesses depending upon the results of discovery, pre-trial stipulations the claims remaining at trial and the witnesses designated by Plaintiffs. In addition, Defendants may call expert witnesses to respond to those proffered by Plaintiffs or otherwise in support of their defenses or with respect to damages.

**JOINT RULE 26(F) REPORT**

## P.   TRIAL COUNSEL

1.   Trial counsel for Plaintiffs will be Gary A. Hecker and James M. Slominski of The Hecker Law Group.

2.   Trial counsel for Defendants will be Edward H. Rosenthal and Khianna Bartholomew of Frankfurt Kurnit Klein and Selz P.C. and Louis Petrich of Leopold, Petrich & Smith, P.C.

## Q.   INDEPENDENT EXPERT OR MASTER

1.   The parties agree that this case does not require appointment or an independent expert or special master.

## R.   TIMETABLE

1.   Please see the Schedule of Pretrial and Trial Dates, attached to this Joint Report as Exhibit A.

## S.   OTHER ISSUES

1.   The parties are currently drafting a Stipulated Protective Order to protect their confidential information from public disclosure and to facilitate discovery.

Respectfully submitted,

**THE HECKER LAW GROUP**

Dated: January 16, 2012    By:   /s/ Gary A. Hecker
Gary A. Hecker
James M. Slominski
Attorneys for Plaintiffs
KIM KARDASHIAN;
KIMSAPRINCESS INC.

**FRANKFURT KURNIT KLEIN & SELZ PC**

By:   /s/ Edward H. Rosenthal
Edward H. Rosenthal
Khianna N. Bartholomew

and

**LEOPOLD, PETRICH &**

13

**JOINT RULE 26(F) REPORT**

**SMITH, P.C.**

Louis P. Petrich

Attorneys for Defendants
THE GAP, INC., OLD NAVY, LLC,
OLD NAVY (APPAREL), LLC, and
GAP (APPAREL), LLC.

14

**JOINT RULE 26(F) REPORT**