1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM KARDASHIAN, an individual; KIMSAPRINCESS INC., a California Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE GAP, INC., a Delaware Corporation; OLD NAVY, LLC, a Delaware Limited Liability Company; OLD NAVY (APPAREL), LLC, a California Limited Liability Company; GAP (APPAREL), LLC, a California Limited Liability Company; and DOES 1 - 10<br><br>Defendants. | Case No.  CV 11-6568 DSF (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Entry of Protective Order and Stipulated Protective Order [Proposed] ("Stipulation") filed on May 7, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's

1  amendment or deletion of paragraphs 1 (footnote 1), 5(b)(footnote2), 7, 8, 10, 11, 15,
2  and 18, and Exhibit A to, the Stipulation.
3        The parties are expressly cautioned that the designation of any information,
4  document, or thing as Confidential, Confidential - Attorney's Eyes Only, Highly
5  Confidential and Private - Attorney's Eyes Only, or other designation(s) used by the
6  parties, does not, in and of itself, create any entitlement to file such information,
7  document, or thing, in whole or in part, under seal.  Accordingly, reference to this
8  Protective Order or to the parties' designation of any information, document, or thing
9  as Confidential, Confidential - Attorney's Eyes Only, Highly Confidential and Private
10 - Attorney's Eyes Only, or other designation(s) used by the parties, is wholly
11 insufficient to warrant a filing under seal.
12       There is a strong presumption that the public has a right of access to judicial
13 proceedings and records in civil cases.  In connection with non-dispositive motions,
14 good cause must be shown to support a filing under seal.  The Court has stricken their
15 good cause statement, because a specific showing of good cause or compelling
16 reasons (see below) for filing under seal, **with proper evidentiary support and legal**
17 **justification**, must be made with respect to each document or item designated as
18 Confidential, Confidential - Attorney's Eyes Only, Highly Confidential and Private -
19 Attorney's Eyes Only, or other designation(s) used by the parties, which a party seeks
20 to have filed under seal.  The parties' mere designation of any information, document,
21 or thing as Confidential, Confidential - Attorney's Eyes Only, Highly Confidential
22 and Private - Attorney's Eyes Only, or other designation(s) used by parties, does not --
23 **without the submission of competent evidence, in the form of a declaration or**
24 **declarations, establishing that the material sought to be filed under seal qualifies**
25 **as confidential, privileged, or otherwise protectable** -- constitute good cause.
26       Further, if sealing is requested in connection with a dispositive motion or trial,
27 then compelling reasons, as opposed to good cause, for the sealing must be shown,
28 and the relief sought shall be narrowly tailored to serve the specific interest to be

protected.  See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

### TERMS OF PROTECTIVE ORDER

1.  This Protective Order shall apply to all information, documents, testimony and things designated Tier 1:  *"Confidential,"* Tier 2:  *"Confidential - Attorney's Eyes Only,"* or Tier 3:  *"Highly Confidential and Private - Attorney's*

*Eyes Only"* (collectively "Confidential Information") by the parties or nonparties as provided in this **Protective** Order.[1]

## DEFINITION OF CONFIDENTIAL INFORMATION

2.  As used herein, "Confidential Information" means, any information, documents, testimony, and things so designated (including, but not limited to, documents, things, deposition testimony, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition transcripts and deposition videos, deposition exhibits, and other writings or things produced, given, served, or filed in this Action) as more fully described below, as well as any information extracted therefrom (including, but not limited to, copies, excerpts, abstracts, compilations, analyses, summaries, descriptions, testimony, conversations, or pre-trial presentations by a party or its counsel to the court, as well as all other forms of information containing, reflecting, or disclosing such information).

## DESIGNATION OF CONFIDENTIAL INFORMATION

3.  Confidential Information produced or provided in connection with the Action (including any affidavit, deposition transcript, response to interrogatory or request for admission, document or thing, in whole or in part), which is deemed to be Confidential Information by a party or nonparty shall be so identified and labeled as follows:  Tier 1: *"Confidential,"* Tier 2: *"Confidential – Attorney's Eyes Only,"* or Tier 3: *"Highly Confidential and Private - Attorney's Eyes Only,"* as follows:

   a.  A party or nonparty may designate material with the Tier 1: *"Confidential"* designation only if the party or nonparty, in concurrence with its counsel and in good faith, deems that a reasonable basis exists for limiting dissemination of the material under the standards set forth in FRCP 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public.

   b.  A party or nonparty may designate material with the Tier 1, Tier 2, or

---

[1]   **DELETED BY COURT.**

Tier 3 designation if the party or nonparty, in concurrence with its counsel and in good faith, deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of FRCP 26, or contains highly propriety business or personal information so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

  c. With respect to information that is voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing party or nonparty may identify and mark Confidential Information at the time when or any time after an affidavit, pleading, or memoranda is served, when or any time after the answer to the interrogatory or request for admission is served, when or any time after a copy of a document is provided, or at the time of the inspection of the premises or thing. However, if the designation is made after service or after any such document is provided, the receiving party will not be deemed to be in violation of this **Protective Order** or incur liability by the non-negligent disclosure or use by the receiving party of such Confidential Information in accordance with its original designation in the interim.

  d. With respect to depositions and deposition transcripts, the designating party or nonparty shall advise opposing counsel and the Court Reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript.  The Court Reporter shall conform all materials in his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits, Tier 1: *"Confidential Pursuant To Court Order,"* Tier 2: *"Confidential - Attorney's Eyes Only Pursuant To Court Order,"* or Tier 3: *"Highly Confidential and Private - Attorney's Eyes Only Pursuant To Court Order,"* as appropriate.

4.	Inadvertent failure to designate Confidential Information as such prior to disclosure, production, or response of such information will not prevent a subsequent confidentiality designation by email or letter promptly sent after discovery of such inadvertent failure, provided that any non-negligent disclosure made by the receiving party prior to receipt of such email or letter shall not be a violation of this **Protective** Order, nor shall the receiving party incur liability for non-negligent use or disclosure of the information prior to the receipt of such letter.

## ACCESS TO CONFIDENTIAL INFORMATION

**Access To Tier 1:  *"Confidential"* Information**

5.	Access, copying, or dissemination of Tier 1: *"Confidential"* information, shall be limited to the following persons:

a.	Outside litigation counsel of record in the Action and their partners, associates, and their full-time employees (including full-time stenographic, clerical, and paralegal employees), part-time attorneys, and in-house counsel (whose identity has first been disclosed to all parties) whose functions require access to such Confidential Information and who expressly agree to be bound by the terms of this Protective Order;

b.	Independent experts or consultants for a party, and their full-time clerical employees who are not employees of, or related in any way to, the parties or their affiliates, and whose advice, consultation, and/or testimony are being, or will be used by the parties, in connection with preparation for trial of this action and/or any motions or appeals connected with the action provided, however, that at least ten (10) days prior to the disclosure of Confidential Information under this paragraph:  (1) such persons are  identified in writing to each party in the action, including their name, address, and current employer or business; (2) the expert or consultant executes Exhibit A; and (3) a copy of Exhibit A is provided to each party in the action.   If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 10 days after receipt of all the information

set forth herein and no disclosure of Confidential Information shall occur until all objections are resolved by the parties or by court order.[2]  The objecting party must also within 10 days after serving the written objection file a Motion for Protective Order, which must be made in good faith and upon good grounds.  Nothing in this section shall be interpreted to change the Federal Rules of Civil Procedure regarding discovery of information in the possession of non-testifying experts and consultants, and no discovery shall be sought unless there are grounds to believe this Protective Order has been violated.

        c.      Persons appearing for deposition provided that such persons:  (1) authored or lawfully received such Confidential Information without violating this **Protective** Order; (2) are established at the deposition as having been knowledgeable of the contents of such Confidential Information prior to the time of his or her testimony; or (3) is a current or former employee and/or representative of the party (or nonparty) that produced the Confidential Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Confidential Information).

        d.      The Court and its **personnel** (including court reporters);

        e.      Persons employed by each of the parties to this action whose functions require access to such Confidential Information and who expressly agree to be bound by the terms of the Protective Order.

        f.      Any other person that the parties hereto agree to in writing.

**Access To Tier 2:  *Confidential - Attorney's Eyes Only* Information**

        6.      Access to, and copying and dissemination of, Tier 2: *"Confidential - Attorney's Eyes Only"* information shall be limited to all persons as set forth in paragraph 5 **except for** persons set forth in paragraph 5(e), who shall not have such

---

[2] If a nonparty's Confidential Information is involved, that nonparty shall also be notified and all of the provisions of this paragraph that apply to parties shall apply to **any nonparty who or which agrees to be bound by the provisions of this Protective Order or the provisions of this paragraph.**

access hereunder.

**Access To Tier 3: *"Highly Confidential and Private - Attorney's Eyes Only"* Information**

7. Confidential information designated as Tier 3: *"Highly Confidential and Private - Attorney's Eyes Only"* information shall be disclosed under the terms of this Protective Order only to: (a) outside counsel of record and designated in-house counsel (but not to their employees or staff members or anyone else)[3] identified to the producing party; (b) designated expert witnesses and consultants under the conditions set forth in paragraph 5(b) (but not to their employees or staff members or anyone else); (c) the Court and its **personnel [ . . . ]**; and (d) persons at deposition under the conditions set forth in paragraph 5(c).

To the extent possible, any Confidential Information designated under this Tier shall also be provided in redacted form using a designation of Tier 2 or below.

## USE AND HANDLING OF CONFIDENTIAL INFORMATION

8. All Confidential Information is provided solely for the purpose of this Action, and **receiving parties** may disclose and use such information only in accordance with this Protective Order for this Action. Confidential Information may not be used for any other purpose, except by leave of court on motion with notice to all interested parties.

9. Subject to the limitations and requirements of this Protective Order, Confidential Information may be used during discovery, in connection with any motion, at the trial and/or appeal of this action, or for any other purpose as this Court may allow after notice to all parties.

10. No copy of any deposition transcript or any portion thereof designated as

---

[3] To the extent outside counsel of record require limited support staff to assist in matters such as preparation of briefs, such outside counsel may identify one support staff member to so assist provided that person has agreed in writing to be bound to this Protective Order and the identity has been disclosed to each party appearing in the action.

Confidential Information shall be prepared or furnished by the court reporter to any person other than to the outside counsel of record for the parties.  Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information, unless the transcript and all papers referencing the transcript are filed under seal.  If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this action, **shall be** filed **with an application to file such materials** under seal in accordance with paragraph 12 below unless otherwise agreed upon by the parties.

      11.    In the event that a party witness or nonparty witness (who has agreed to be bound **by** this Protective Order) to whom Confidential Information has been disclosed receives a discovery request, subpoena, order, or other form of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things, or other materials that have been designated as Confidential Information, the subpoenaed party shall promptly notify the designating party of the demand.  If the designating party elects to resist production of the materials, it shall promptly so notify the subpoenaed party and the latter shall cooperate in affording the designating party a reasonable opportunity to oppose or limit production of the materials; provided that the designating party shall bear all expenses, including attorneys' fees, incurred by the subpoenaed party in connection therewith.  **Nothing in these provisions should be construed as authorizing or encouraging a subpoenaed party to disobey a lawful directive from another court.**

      12.    To the extent Confidential Information is included in any pleading, paper, or other document filed with the Court or presented to the Court in some other fashion, such Confidential Information shall be filed and/or presented under seal by the party filing or presenting such Confidential Information in compliance with this Court's Orders and Local Rule 79-5.

      13.    This Protective Order has no effect upon, and shall not apply to, a party's

use or disclosure of its own Confidential Information for any purpose.

14. Nothing contained herein shall impose any restrictions on the use or disclosure by the receiving party of information that: (a) was already known to such party by lawful means; (b) is or becomes publicly known through no fault of the receiving party; or (c) is rightfully received by the receiving party.

15. For any video deposition of plaintiff Kim Kardashian there shall be only one video master which shall be provided to counsel of record for Plaintiff at the close of any deposition session, plus one additional copy which will be provided to counsel of record for Defendants at that time. The court reporter shall be required to **read and sign an agreement to be bound by this P**rotective **O**rder, and shall not take or retain any copies of any deposition video of plaintiff or portions thereof from the deposition site. No other copies of any deposition video shall be made except by agreement between the parties or by order of the Court.

Any deposition video or deposition transcript of plaintiff or portion thereof: (1) shall be used for the sole and exclusive purpose of this litigation and not for any other purpose whatsoever; (2) shall not be uploaded to any server or computer distribution or multiparty or multi-terminal viewing system except by agreement of the parties or by order of the Court; (3) shall not be provided, disclosed, or sold to the press or any third party; and (4) may not be disseminated, uploaded, or posted on the internet, except outside counsel of record is permitted to store a password protected copy on its office computer server and edit such copy (with the assistance of one staff member of the law firm who is identified to all parties and has agreed in writing to abide by this Protective Order) and store such edits in password protected files for use at hearings or trial in accordance with this Protective Order. Further, the parties are required to meet and confer in good faith as trial approaches to evaluate whether the assistance of more than one staff member or trial consultant is reasonably required to aid in the editing process.

## CHALLENGES TO DESIGNATION

16. This Protective Order shall not foreclose any of the parties from moving this Court for an order that designated materials are not within the scope of protection afforded by FRCP Rule 26 or that the asserted Confidential Information is not properly classified and, therefore, should be re-designated. The party designating the material shall have the burden of proving that the designation is proper. In addition, the Court may award reasonable attorney's fees and costs to any party that successfully moves to change the designation of any document if the Court determines that the original designation was made in bad faith or in violation of this **Protective Order**.

## FUTHER PROTECTIVE ORDERS

17. This Protective Order shall not prevent any of the parties or nonparty witnesses from applying to the Court for relief herefrom, or for a modification of this Protective Order, for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

## CONCLUSION OF THE ACTION

18. Within ninety (90) days after final termination of this Action, receiving counsel shall return all copies and samples of Confidential Information in its possession, custody, or control to counsel for the party who has provided them or certify destruction thereof, except, however, counsel may retain one copy of any pleading, interrogatory response, deposition transcript, or other document containing Tier 1: *"Confidential"* or Tier 2: *"Confidential - Attorney's Eyes Only"* information, subject to paragraph **19** below. No Tier 3: *"Highly Confidential and Private - Attorney's Eyes Only"* Confidential Information shall be retained.

19. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and

to ensure compliance herewith.

## NONPARTIES

20.    Nonparties may produce information and documents that will be governed by the terms of this **Protective** Order by agreeing in writing to be bound by the terms of this **Protective** Order and following the procedure for designating Confidential Information described elsewhere in this **Protective** Order.

**IT IS SO ORDERED.**

DATED:  May 24, 2012

*Margaret A. Nagle*

_____
                    MARGARET A. NAGLE
            UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT FOR EXPERTS AND CONSULTANTS

UNDERTAKING OF _____:

I, _____, state that:

1. My address is _____.

2. My present employer and businesses affiliations are: _____.

3. My occupation is _____.

4. I have received a copy of the Protective Order in this action signed by the United States **Magistrate** Judge.

5. I have read and understand all of the provisions of the Protective Order.

6. I agree to hold in confidence and will not disclose to anyone not qualified under the Protective Order or use any Confidential Information which is disclosed to me except as permitted by that **Protective** Order. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7. Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

8. I agree to return all Confidential Information which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after Action between the parties has ended.

[continued on the next page]

9.    I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order.

DATED: _____          _____

(Signature)

ADDRESS WHERE SIGNED: _____
_____
_____
_____

PRINTED NAME: _____